RYAN, Judge
(concurring in the result):
While I agree with the majority that Judge Boudreau should not have communicated with the trial counsel — even if it was only to ensure that the providence inquiry in a guilty plea ease with a pretrial agreement was done correctly — I write separately because it is unclear to me why Judge Boudreau’s ethical violations dictate the recusal analysis in this case. Judge Boudreau was not the trial judge; Judge Molloy was. And it was Judge Molloy, the trial judge, who conducted the providence inquiry, accepted Appellant’s guilty plea, and sentenced him — the matters which any “reasonable person” aware of all the facts would be concerned with. See United States v. Martinez, 70 M.J. 154, 159 (C.A.A.F.2011).
The issue we granted concerns “[wjhether a reasonable person would question the trial judge’s impartiality” based on the actions of the supervisory judge in this case. United States v. Martinez, 69 M.J. 490 (C.A.A.F.2011) (order granting review). Therefore, in my view, the recusal analysis should focus on whether a reasonable person would question the impartiality of the trial judge, so that disqualification of the trial judge was necessary — not whether the supervising or observing judge acted inappropriately. And, as the majority acknowledges, “[tjhere is no evidence in the record that anyone informed Judge Molloy of Judge Boudreau’s communications with the trial counsel during the trial.” Martinez, 70 M.J. at 156. Bootstrapping Judge Boudreau’s questionable actions into a generalized recusal analysis based on her supervisory role and duty to authenticate the arraignment portion of the record under Rule for Courts-Martial (R.C.M.) 1104(a)(2) seems a tenuous basis for finding that the “court-martial’s legality, fairness, and impartiality were put into doubt.” Martinez, 70 M.J. at 157 (quoting United States v. Burton, 52 M.J. 223, 226 (C.A.A.F.2000)). I respectfully concur in the result.